UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

**AUG 08 2018**

**U.S. DISTRICT COURT**
**INDIANAPOLIS, INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:16-cr-00219-~~WTL~~-TAB |
| RICKY DEAN CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and, Kristina M. Korobov and Steven D. DeBrota, Assistant United

States Attorneys ("the Government"), and the Defendant, Ricky Dean Clark ("the Defendant"),

in person and by counsel, Joseph Cleary and Gwendolyn Beitz, hereby inform the Court that a

Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure

11(c)(1)(B) and 11(2)(1)(a). The following are its terms and conditions:

### Part 1:  Guilty Plea and Charges

1. **Plea of Guilty:** The Defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to all 27 of the offenses charged in the Superseding Indictment.    These

offenses are summarized as follows:

      A.     **Counts 1-2 and 20-21,** which charge that the Defendant committed the

offense of Distribution and Receipt of Visual Depictions of a Minor Engaged in Sexually

Explicit Conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

**B.**     **Counts 3-6 and 26**, which charge that the Defendant committed the offense of Coercion / Enticement, in violation of Title 18, United States Code, Section 2422(b).

**C.**     **Counts 7-19 and 27,** which charge that the Defendant committed the offense of Sexual Exploitation of a Child and Attempted Sexual Exploitation of a Child, in violation of Title 18, United States Code, Sections 2251(a) and (e).

**D.**     **Counts 22-25,** which charge that the Defendant committed the offense of Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

**2.**     **Federal Rule of Criminal Procedure 11(a)(2):** Pursuant to Federal Rule of Criminal Procedure 11(a)(2), the parties agree that Defendant reserves the right, on appeal from the judgment in this cause, to seek review of the Court's rulings at Docket Number 65 denying the Defendant's Motion to Suppress the evidence and related testimony described in that Order. The Defendant also reserved the right to appeal the sentence he receives in this case.

**3.**     **Elements of the Offenses:** To sustain the offenses to which the Defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

**A.**     **Counts 1-2 and 20-21:** Distribution and Receipt of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct

**i.**     The Defendant knowingly distributed or received a visual depiction using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means including by computer; and

**ii.**     the production of such visual depiction involved the use of a minor under the age of 18 years engaging in sexually explicit conduct; and

2

iii.      such visual depiction was of such minor engaged in sexually explicit

conduct; and

iv.      the Defendant knew that at least one of the persons in such visual

depiction was a minor under the age of 18 years and knew that the visual depiction

was of such minor engaged in sexually explicit conduct.

B.      **Counts 3-6 and 26:**  Coercion / Enticement

i.      The defendant used a facility or means of interstate or foreign

commerce to knowingly persuade, induce, entice, or coerce a minor to engage in

sexual activity and did attempt to knowingly persuade, induce, entice, and coerce a

minor to engage in sexual activity for which any person could be charged with a

criminal offense; <u>and</u>

ii.      if the sexual activity had occurred, the defendant would have

committed the criminal offense of Sexual Exploitation of a Child, in violation of 18

U.S.C. § 2251(a).

C.      **Counts 7-19 and 27:** Sexual Exploitation of a Child

i.      The defendant did employ, use, entice, persuade, induce, entice, and

coerce a minor, and did attempt to do so;

ii.      to engage in any sexually explicit conduct, as such conduct is

defined in 18 U.S.C. §2256(2);

iii.      for the purpose of producing any visual depictions of such conduct;

and

iv.      while knowing or having reasons to know that such visual depictions

would be transported or transmitted using any means or facility of interstate or

foreign commerce or in or affecting instate or foreign commerce or mailed; or such visual depictions were produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer, or such visual depictions were actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

   **D.**   **Counts 22-25:** Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct

   **i.**   The Defendant knowingly possessed one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct; and

   **ii.**   Such visual depiction had been mailed, shipped, or transported in interstate or foreign commerce, by any means, including by computer, or was produced using materials which had been so mailed, shipped, or transported; and

   **iii.**   That the production the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct; and

   **iv.**   The Defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct.

   **v.**   The Government must also prove that the visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age.

**4.**   **Dismissal of Counts:  Not Applicable.**

5.      **Potential Maximum Penalties**:

**A.      Counts 1-2 and 20-21** are each punishable by a maximum sentence of 20 years of imprisonment, a $250,000 fine, and lifetime period of supervised release following any term of imprisonment.  The minimum sentence of imprisonment is 5 years.

**B.      Counts 3-6 and 26** are each punishable by a maximum sentence of a lifetime of imprisonment, a $250,000 fine, and lifetime period of supervised release following any term of imprisonment.  The minimum sentence of imprisonment is 10 years.

**C.      Counts 7-19 and 27** are each punishable by a maximum sentence of 30 years of imprisonment, a $250,000 fine, and lifetime period of supervised release following any term of imprisonment.  The minimum sentence of imprisonment is 15 years.

**D.      Counts 22-25** are each punishable by a maximum sentence of 20 years of imprisonment, a $250,000 fine, and lifetime period of supervised release following any term of imprisonment.

**E.**      The minimum term of supervised release for all of these offenses is 5 years, following the term of imprisonment.

### Part 2:  General Provisions

6.      **Sentencing Court's Discretion Within Statutory Range:**  The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or

"U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the Defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

7.     **Sentencing Court Not Bound by Guidelines or Recommendations:**   The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

8.     **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

6

9.      **No Protection from Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

10.     **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

### Part 3:  Sentence of Imprisonment

11.     **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter. The Defendant understands that he cannot be sentenced to a term of less than 180 months of imprisonment on the Counts referenced in Paragraph 1 of this agreement.

12. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning the duration of any term of supervised release following the term of imprisonment, and the terms and conditions of the release. However, the Defendant understands that the mandatory minimum terms of supervised release following the term of imprisonment is 5 years.

13. **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case: **SEE ADDENDUM A**

14. **Contact restriction:** The Defendant will have no direct or indirect communication with Minor Victim 1, Minor Victim 2, Minor Victim 3, Minor Victim 4, and his biological children, as well as any person living with these individuals, throughout his entire sentence, including during any period of supervised release. This contact restriction prohibits direct, indirect, and third party contact and attempts at such contact.

Female
R.Q.C.
SDD

## Part 4: Monetary Provisions and Forfeiture

**15.**     **Mandatory Special Assessment:** The Defendant will pay a total of $2700 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**16.**     **Fine:** Parties may argue the issue of the fine.

**17.**     **Restitution:** Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. §3663A, applies and that the Court is required to order the Defendant to make restitution to all the victims of his crimes. The Defendant further understands and agrees that an order of restitution is mandatory pursuant to 18 U.S.C. § 1593. There is no agreement as to the amount of restitution. Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. For every child identified in the images or videos referenced in Counts 22-25, the Defendant shall pay $3000 to every identified victim. The Defendant agrees to pay restitution for all losses caused by the Defendant's conduct, regardless of whether counts of the superseding indictment dealing with such losses will be dismissed as part of this plea agreement. Defendant also agrees that any restitution ordered by the Court shall not be dischargeable in any bankruptcy proceeding, and the Defendant will not seek or cause to be sought a discharge or a finding of dischargeability of the restitution obligation. The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

**18.**  **Obligation to Pay Financial Component of Sentence**: If the Defendant is
unable to pay any financial component of the Defendant's sentence on the date of sentencing,
then the Defendant agrees that the payment of the financial component should be a condition of
supervised release. The Defendant has a continuing obligation to pay the financial component of
the sentence. The Defendant further agrees that as of the date of filing this Plea Agreement the
Defendant will provide all requested financial information, including privacy waivers, consents,
and releases requested by the Government to access records to verify the Defendant's financial
disclosures, to the Government for use in the collection of any fines, restitution, and money
judgments imposed by the Court and authorizes the Government to obtain credit reports relating
to the Defendant for use in the collection of any fines and restitution, and money judgments
imposed by the Court. The Defendant also authorizes the Government to inspect and copy all
financial documents and information held by the United States Probation Office. If the
Defendant is ever incarcerated in connection with this case, the Defendant may participate in the
Bureau of Prisons Inmate Financial Responsibility Program.

**19.**  **Forfeiture:** The Defendant admits that the property listed below constitutes
contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to
which the Defendant is pleading guilty, and, therefore, is subject to forfeiture to the United
States. The Defendant abandons all right, title, and interest the Defendant may have in the
property listed below so that proper disposition, including destruction, may be made thereof by
federal, state, or local law enforcement agencies involved in the investigation of the Defendant's
criminal activity, without further notice or obligation whatsoever owing to the Defendant. The
Defendant further agrees not to contest any forfeiture action brought against and consents to the
forfeiture of any of the property listed below, whether any such forfeiture action is

administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any

of the property listed below by any federal, state, or local law enforcement agency:  **SEE**

**ADDENDUM B**

20.     The Defendant consents to the entry of orders of forfeiture for such property and

waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the

forfeiture in the charging document, announcement of the forfeiture at sentencing, and

incorporation of the forfeiture in the judgment.   The Defendant understands that the forfeiture of

assets is part of the sentence that may be imposed in this case and waives any failure by the

Court to advise the Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Defendant's

guilty plea is accepted.

21.     The Defendant further agrees to waive all constitutional and statutory challenges

in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture

carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture

constitutes an excessive fine or punishment.

### Part 5:  Factual Basis for Guilty Plea

22.     The parties stipulate and agree that the following facts establish a factual basis for

the Defendant's pleas of guilty to the offenses set forth in Paragraph One, above, and that the

Government would be able to establish the following facts beyond a reasonable doubt in the

event this cause was to proceed to trial.

23.     Identification of Victims:  Minor Victims 1 and 3 are prepubescent female

children who, at the time of the charged conduct, were less than 12 years old.  The Defendant

was in a position of trust with respect to these victims.  Minor Victim 2 is a female child who

was born in 2003 and she lived in Ireleand.  Minor Victim 4 is a younger relative of Minor
Victim 2 and lived in Ireland.

24.     Defendant:  Ricky Clark, at all times relevant to the charged conduct, lived in the
Southern District of Indiana.  The Defendant's conduct with respect to Minor Victim 2 occurred
within the Southern District of Indiana and in Ireland.

25.     Minor Victim 2:  Minor Victim 2 came to the attention of law enforcement in the
Southern District of Indiana and in the United States through a Cybertip from the National
Center for Missing and Exploited Children (NCMEC).

26.     A male relative of Minor Victim 2 in Ireland (referred to as "Witness 1") made a
report to NCMEC (Cyber Tipline Report 9598828) that his female relative, Minor Victim 2, had
been involved in an online relationship with a man named Ricky Clark.  The male relative
(Witness 1) reported that "Rick Clark," a 35 year old male who lived in both Indianapolis and
Plainfield, IN, had coached his 12 year old female relative into engaging in "sexual violations."
Witness 1 reported that he was in possession of "sexual acts, photos, skype sessions" with the
victim and that Clark had admitted to "being a pedophile" and had been "grooming the victim for
over a year."

27.     Using this information and information from other Cyber Tipline reports,
members of the Indiana Crimes Against Children Task Force visited the Defendant's residence.
While there, they seized a cell phone and then they applied for a search warrant to search for,
seize, and forensically examine the Defendant's electronic devices.

28.     Sgt. Jennifer Barnes, a forensic examiner with the Indiana State Police, examined
the Defendant's electronic devices.  Barnes found numerous videos of Minor Victim 2 engaged
in sexually explicit conduct.  In these videos, Barnes could hear the Defendant directing Minor

Victim 2 to engage in specific acts of sexually explicit conduct. The Defendant intended for Minor Victim 2 to engage in sexually explicit conduct so that he could create visual depictions of her engaged in this conduct. The Defendant would directed Minor Victim 2 to position her cell phone or iPad camera in certain positions the Defendant could see Minor Victim 2 engaged in sexually explicit conduct and so that he could use his own devices, located in the United States, to create visual depictions of Minor Victim 2 engaged in such conduct.

29.   The Defendant engaged in this conduct on the following dates and occasions:

| Count | Date | Minor Victim | Filename |
|---|---|---|---|
| 7 | Between in or about May 3, 2015 and May 23, 2015 | Child Victim 2 | 2015-05-05_03-30-41_480.mp4 |
| 8 | On or about August 27, 2015 | Child Victim 2 | Untitled 51.avi |
| 10 | On or about November 21, 2015 | Child Victim 2 | Untitled 97.avi |
| 11 | On or about October 27, 2015 | Child Victim 2 | Untitled 83.avi |
| 12 | On or about November 18, 2015 | Child Victim 2 | Untitled 95.avi |
| 13 | On or about December 16, 2015 | Child Victim 2 | Untitled 119.avi |
| 14 | On or about March 7, 2016 | Child Victim 2 | Untitled 131.avi |

30.   The Defendant communicated with Minor Victim 2 using the Internet. In these communications, the Defendant persuaded and coerced Minor Victim 2 to engage in sexually explicit conduct so that he could create visual depictions of this conduct. The Defendant would "talk" to Minor Victim 2 through Skype and he would direct her to engage in specific sexual acts. He directed her to position the camera in specific places so that he could watch the conduct, and then he would record the conduct using his own electronic devices. In the videos referenced below, the Defendant can clearly be heard persuading and coercing Minor Victim 2 to engage in the sexually explicit conduct so that he can create visual depictions of the conduct. In

13

these specific visual depictions, Minor Victim 2 is refusing to engage in the conduct or has to be

persuaded to engage in the sexual acts depicted by the Defendant.

| Count | Date | Minor Victim |
|---|---|---|
| 3 | On or about May 3, 2015 | Child Victim 2 2015-05-03-03-30-41_480 |
| 4 | On or about May 5, 2015 | Child Victim 2 2015-05-05_03-43-26_157 |
| 5 | On or about September 16, 2015 | Child Victim 2 2016-09-16_22-16-30_235 |
| 6 | On or between December 12, 2015 and March 7, 2016 | Child Victim 2 Untitled 119.avi |

31.     While the investigation in the United States did not uncover the images of Minor

Victim 2 until mid-June of 2016, a separate investigation was conducted in Ireland by *an Garda

Siochana*.  The Irish government is not an agency of the United States Government and, at no

time, acted as an agent of the United States Government.

32.     Minor Victim 2 possessed a cell phone and an iPad.  Witness 1, who has expertise

with computers, examined Minor Victim 2's devices.  He discovered numerous sexually explicit

images of Minor Victim 2.  Minor Victim 2 created these images, which show the lascivious

display of the genitals or pubic area of Minor Victim 2, at the request of the Defendant.  These

images were also discovered during a forensic examination by Forensic Examiner Mark

Heffernan of *an Garda Siochana*. (Count 27).

33.     Witness 1 discovered that Minor Victim 2 used an application called Voxer to

communicate with the Defendant.  These messages were preserved by Witness 1 and were turned

over to *an Garda Siochana* and to Sgt. Jennifer Barnes.

34.     The Voxer messages contain numerous written chats between the Defendant and

Minor Victim 2, as well as a number of voice messages left by the Defendant for Minor Victim

2. These messages were all transmitted using the Internet.  (Count 26)

    **35.**    In these messages, the Defendant repeatedly uses coercion, inducement, and enticement in his attempt to compel Minor Victim 2 to engage in sexually explicit conduct so that he can create visual depictions of such conduct.

    **36.**    The Defendant also coerced Minor Victim 2 to engage in sexually explicit conduct with another minor child, Minor Victim 4.  The Defendant then attempted to coerce Minor Victim 2 to record herself engaged in such conduct so that the Defendant could watch Minor Victim 2 engaged in sexually explicit conduct with Minor Victim 4.

    **37.**    Sgt. Barnes later received a digital copy of Minor Victim 2's electronic devices. Barnes also received the devices themselves in Ireland in November of 2017.  These devices belonged to Minor Victim 2 and the Defendant had no ownership or possession interest in these devices.  From the time that Minor Victim 2 used these devices to correspond with the Defendant until the time that Barnes recovered them, the items remained in Ireland.  On these devices, Barnes found multiple sexually explicit images of Minor Victim 2.  In these images, Minor Victim 2 is engaged in sexually explicit conduct. Minor Victim 2 engaged in sexually explicit conduct at the direction of the Defendant and she then sent these images to him using the Internet. These visual depictions were created between the dates of April 1, 2015 and April 13, 2016 (Count 27)

    **38.**    Barnes was also able to extract the Voxer messages that were preserved by Witness 1 from the Voxer account belonging to Minor Victim 2.  The voice in the messages, enticing and coercing Minor Victim 2 to engage in sexually explicit conduct, is the voice of the Defendant, as recognized by FBI Task Force Officer Kurt Spivey and Trooper Ginger Marshall. (Count 26)

**39.**     The Voxer messages contained GPS coordinates for some of the messages.  These coordinates reflected that the Defendant used Voxer to communicate with Minor Victim 2 from both his residence and his place of employment.  The Voxer messages sent by Minor Victim 2 have GPS coordinates that match up to the coordinates of the residence where she lived at the time that the messages were transmitted over the Internet.

### Minor Victim 1

**40.**     In 2013, the Defendant lived in the same residence as Minor Victim 1.  This child's mother was in a dating relationship with a man, who was friends with the Defendant.  On or about June 2, 2013, the Defendant used Minor Victim 1 to create a visual depiction of Minor Victim 1 engaged in sexually explicit conduct.

**41.**     Sgt. Barnes discovered this visual depiction on an Acer Laptop that belonged to the Defendant.

**42.**     In the video, the Defendant entered the bedroom of Minor Victim 1 while she slept.  The Defendant pulled the diaper or pull-up worn by Minor Victim 1 away from her body, in order to expose her genital and pubic area.  Clark also touched the vaginal area of Minor Victim 1.  Clark released the diaper and seemed to slightly move away when the child moved or reacted to the physical contact.  Clark then reproached Minor Victim1 and he again pulled the diaper or pull-up away from the body of Minor Victim 1.  Clark lowered his head towards the vaginal/anal area of Minor Victim 1 and appeared to lick her genital area.

**43.**     As he backed away from the child, Clark appeared to be holding the laptop computer, which he was using to record the visual depiction of himself engaged in sexually explicit conduct with Minor Victim 1.  Clark then left the child's bedroom, and his face and body were fully visible in the recording. Clark looked into the camera, displaying his facial features.

44.     This visual depiction was named "OM. . . G.avi" and it was located in the folder

"Program Files (x86)\001\Map\Nova pasta\VIDEO\Nova pasta\VIDEO\超强幼幼合集1（多图

多影象）\vids" on the Defendant's Acer laptop computer.

45.     This visual depiction was also found on the micro SD Card that was inside of the

Defendant's Samsung cell phone.  This video of Minor Victim 1 had been deleted from the SD

card, but Sgt. Barnes recovered the video.

**Minor Victim 3**

46.     When examining the Defendant's devices, Sgt. Barnes discovered 5 videos of the

Defendant engaged in sexually explicit conduct with another minor child, referred to as Minor

Victim 3.

47.     The 5 visual depictions were created, using Minor Victim 3, in the defendant's

bedroom, located in a house in the Southern District of Indiana, on or about November 21, 2015.

(Counts 9, 15, 16, 17, and 18). *The defendant states He produced All of these*
*Videos on the same date and at the same time*

*R.D.C.*
*Jmc*
*bmp*
*SDD*

48.     Each of these videos is a visual depiction of the Defendant using or attempting to

use Minor Victim 3 to engage in sexually explicit conduct, for the purpose of creating a visual

depiction of Minor Victim 3 engaged in sexually explicit conduct.

49.     In these videos, Minor Victim 3 appeared to be asleep.  The Defendant used the

child to create the visual depiction by pulling back the pull-up diaper that Minor Victim 3 wore

and putting his mouth and tongue on the anus of Minor Victim 3.

50.     **Receipt of Visual Depictions:**  The Defendant received multiple images and

videos of Minor Victim 2 engaged in sexually explicit conduct.  He received these visual

depictions of Minor Victim 2 using the Internet on or between the dates of May 3, 2015 and May

23, 2015.  The Defendant received additional visual depictions of Minor Victim 2 engaged in

sexually explicit conduct using the Internet on or between the dates of May 24, 2015 and March 7, 2016. (Counts 1-2).

51.     **Distribution of Visual Depictions**:  In addition to receiving visual depictions of Minor Victim 2 engaged in sexually explicit conduct, the Defendant also distributed, using the Internet, images of other minors engaged in sexually explicit conduct, knowing that the visual depictions he distributed were of minors engaged in sexually explicit conduct. (Counts 20-21).

52.     On November 21, 2015, the Defendant distributed one of the videos of Minor Victim 3, using the Internet, to Minor Victim 2.  At the time that the Defendant transmitted the video to Minor Victim 2, the defendant knew that the video was a visual depiction of a minor engaged in sexually explicit conduct. The Defendant specifically described the video to Minor Victim 2, saying that he intended to watch the video with Minor Victim 2.

53.     In June of 2016 and in August of 2016, Minor Victim 2 was interviewed by a forensic interviewer in Ireland.  In that interview, she described receiving this video from the Defendant by means of the Internet. *minor Victim 2 Claims she didnt watch the video but swiped to A different screen while it was playing*

54.     On August 27, 2015, the Defendant used the Internet to distribute visual depictions of minors engaged in sexually explicit conduct to Minor Victim 2.  These visual depictions are recognized by law enforcement as containing known children who were less than 12 years old or who were prepubescent at the times that their images were captured.

55.     **Possession of Visual Depictions**:  On June 13, 2016, the Defendant was found to be in possession of the following devices, which he knew contained visual depictions of minors engaged in sexually explicit conduct.

| Count | Date | Device |
|-------|------|--------|
| 22 | June 13, 2016 | Samsung SD Card taken from Samsung Cell phone SM-S820L |
| 23 | June 13, 2016 | Acer Laptop Computer – Aspire 7740G-6364 |
| 24 | June 13, 2016 | Eagle Tech External Hard Drive - Consus |
| 25 | June 13, 2016 | ZTE Cell Phone Z796C Majesty |

56.    The devices that the Defendant used to commit his crimes were not manufactured in the State of Indiana and, therefore, travelled in interstate or foreign commerce. The Internet, which the defendant used to communicate with Minor Victim 2, including the transmission of images to her and from her, is a facility of interstate and foreign commerce, and his communications were in or affecting such commerice.

57.    The parties acknowledge that such facts are only a summary of the Government's evidence. The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

## Part 6:  Other Conditions

58.    **Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

59.     **Good Behavior Requirement:**  The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the Defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

60.     **Compliance with Federal and State Laws:**  The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

61.     **Potential Civil Commitment:**  The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of his term of imprisonment.  He understands that any potential civil commitment would be the subject of a separate civil proceeding.  He further understands that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed.  He understands that civil commitment can be imposed for an indefinite period of time.  He nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

62.     **Sex Offender Registration:**  The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq

### Part 7:  Sentencing Guideline Stipulations

63.     **Guideline Computations:**  The parties reserve the right to present evidence and argument concerning the appropriate advisory Sentencing Guideline range for these offenses.  The parties agree that the Court will make this determination.

64.    **Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement and the Defendant's agreement to cooperate in and not to contest the forfeiture of the property described above, the Government agrees that the Defendant should receive a **two (2) level reduction** *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.

65.    **Timely Notice**:  The Defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by **one (1)** additional level.  The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

### Part 8:  Waiver of Right to Appeal

66.    **Direct Appeal:**  The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742 , **except as specified in Paragraph 2 (Federal Rule of Criminal Procedure 11(a)(2))**.  The Defendant further expressly waives any and all challenges to the statute(s) to which the Defendant is pleading guilty on constitutional grounds, as well as any

challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute(s). The Defendant also reserves the right to appeal the sentence imposed in this case.

### Part 9:  Presentence Investigation Report

**67.**     The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**68.**     The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10:  Immigration Consequences

**69.**     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty.  The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status.  The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

### Part 11:  Statement of the Defendant

**70.**     By signing this document, the Defendant acknowledges the following:

A.    I have received a copy of the Superseding Indictment and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Superseding Indictment in open Court, and all further proceedings including my arraignment.

B.    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Superseding Indictment, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

C.    I have read the entire Plea Agreement and discussed it with my attorney.

D.    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

E.    Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, ~~or probation,~~ or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial.  I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**F.**     I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**G.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**H.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**I.**     I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**J.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.**     My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**L.**     If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement.

I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 12:  Certificate of Counsel

71.     By signing this document, the Defendant's attorney and counselor certifies as follows:

A.     I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Superseding Indictment in this case;

B.     To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

C.     The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

D.     In my opinion, the Defendant's waiver of all reading of the Superseding Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

E.     In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now

accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 13:  Final Provision

72.    **Complete Agreement:**  The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty.  This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

8-8-18
DATE

Kristina M. Korobov
Assistant United States Attorney

8-8-18
DATE

Steven D. DeBrota
Deputy Chief, General Crimes Unit

8-8-18
DATE

Ricky Clark
Defendant

8/8/18
DATE

Joseph Cleary
Counsel for Defendant

8-8-18
DATE

Gwendolyn Beitz
Counsel for Defendant

**ADDENDUM A**
**CONDITIONS OF SUPERVISED RELEASE**

**Standard Conditions:**

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (supervised release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by

the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

## Special Conditions:

You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment.

**1.   Substance Abuse Treatment, Testing, and Abstinence**

You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

You shall not use or possess alcohol.

You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

**2.   Mental Health Treatment**

You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

**3.   Financial Requirements and Restrictions**

You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You shall submit to your probation officer a copy of your tax returns for each year that you are on supervised release.

**4.     Employment Restrictions**
All employment shall be approved in advance by the probation officer.  All employment will be verified by the probation officer with signed affidavits from your employers attesting to your employment.

**5.     Association and Contact Restrictions**
You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court.  You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.
You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.
You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court.  This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.
You shall not engage in any meetings, communications, activities, or visits with Minor Victim 1, Minor Victim 2, Minor Victim 3, your biological children and any person living with these people.

**6.     Place Restrictions**
You shall not knowingly enter any strip club or adult entertainment establishment.

**7.     Community Service**
If you are employed less than 20 hours per week, you will perform at least 5 hours of community service per week, at a location approved by the probation officer.

**8.     Educational or Vocational Services**
You shall participate in an educational services program at the direction of the probation officer and abide by the rules and regulations of that program. Such programs may include high school

equivalency preparation, English as a Second Language classes, and other classes designed to improve your proficiency in skills such as reading, writing, mathematics, or computer use.

You shall participate in a vocational services program at the direction of the probation officer and abide by the rules and regulations of that program. Such program may include job readiness training and skills development training.

**9.     Search and Seizure**

You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

**10.     Restrictions on Viewing Sexually Explicit Materials**

You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

**11.     Sex Offense-Specific Assessment, Treatment, and Physiological Testing**

You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

**12.     Computer and Internet Restrictions**

You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

**ADDENDUM B**
**PROPERTY TO BE FORFEITED**

1. Samsung Cell Phone Model SGH-T989 S II
2. ZTE Cell Phone Z796C Majesty
3. Samsung Cell Phone SM-S820L
4. Eagle Tech External HD Consus
5. Apple Laptop iBook A1005
6. ProScan Tablet PLT7100G (2 tablets)
7. Acer Laptop Aspire 7740G-6364