UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:16-cr-00219-JMS-TAB |
| | ) | Indianapolis, Indiana |
| RICKY DEAN CLARK (01), | ) | Wednesday, August 8, 2018 |
| A/K/A RICKY CLARK; | ) | 3:30 o'clock p.m. |
| | ) | |
| Defendant. | ) | |

Before the
HONORABLE CHIEF JUDGE JANE MAGNUS-STINSON

TRANSCRIPT OF PLEA HEARING

APPEARANCES:
FOR THE GOVERNMENT:    United States Attorney's Office
                       By:  Steven D. DeBrota
                       10 West Market Street, Suite 2100
                       Indianapolis, Indiana 46204

FOR THE DEFENDANT:     Indiana Federal Community Defenders
                       By:  Gwendolyn M. Beitz and
                       Joseph Martin Cleary
                       111 Monument Circle, Suite 3200
                       Indianapolis, Indiana 46204

ALSO PRESENT:          The Defendant in person.

COURT REPORTER:        Jean A. Knepley, RDR, CRR, CRC, FCRR
                       46 East Ohio Street, Room 309
                       Indianapolis, Indiana 46204

PROCEEDINGS TAKEN BY MACHINE SHORTHAND
COMPUTER-AIDED TRANSCRIPTION

1                          *(In open court.)*

2              THE COURT:  We are here under Cause No. 1:16-cr-219,

3    the case is the United States v. Ricky Dean Clark.  Mr. Clark

4    is present in person with counsel, Ms. Beitz and Mr. Cleary.

5    Are you Mr. Clark?

6              THE DEFENDANT:  Yes, ma'am.

7              THE COURT:  Who is going to take the lead?

8              MS. BEITZ:  I will, Your Honor.

9              THE COURT:  Thank you, Ms. Beitz, and the Government

10   is present by Assistant United States Attorney Steve DeBrota.

11   Our court reporter is Jean Knepley.  Today Mr. Clark has filed

12   a petition to enter a plea of guilty and plea agreement, and

13   it references a superseding indictment.  Are there any victims

14   to be heard today, Mr. DeBrota?

15             MR. DEBROTA:  There are not, Your Honor.  We think

16   we know what their positions would be --

17             THE COURT REPORTER:  I'm sorry, your mic is not on.

18             MR. DEBROTA:  I apologize, but we will apprise them

19   after the fact of today's proceedings.  We think we know what

20   their view would be, but we haven't had a chance to notify

21   them.  We think you can go ahead.

22             THE COURT:  Thank you.  I will also note the plea

23   calls for the Defendant to plead guilty to all 27 offenses.  I

24   am not sure there is much that can be said at this juncture

25   about that.

1       MR. DEBROTA:  I agree with you completely.

2       THE COURT:  Thank you.

3    Mr. Clark, I need to ask you some questions about today's

4  proceedings.  Before I do, I need to swear you in.  Can you

5  raise your right hand for me, please?

6       (Defendant sworn.)

7       THE COURT:  All right.  Sir, do you understand that

8  you are now under oath, and if you answer any of my questions

9  falsely your answers may later be used against you in another

10 prosecution for perjury or making a false statement?

11      THE DEFENDANT:  Yes, ma'am.

12      THE COURT:  Can you state your full name, please.

13      THE DEFENDANT:  Ricky Dean Clark.

14      THE COURT:  Where were you born?

15      THE DEFENDANT:  Indianapolis, Indiana.

16      THE COURT:  You are a United States citizen?

17      THE DEFENDANT:  Yes, ma'am.

18      THE COURT:  How old are you, sir?

19      THE DEFENDANT:  Thirty-seven as of the 2nd of this

20 month.

21      THE COURT:  How far did you go in school?

22      THE DEFENDANT:  My freshman year was the last year I

23 completed in high school.

24      THE COURT:  All right.  I am asking you a series of

25 questions now to make sure that you can understand what is

4

1    happening today, that you can understand the documents that

2    you signed today and the other documents that are relevant to

3    the case.  So let me ask you, can you read and write well

4    enough to have understood, first of all, the superseding

5    indictment that was filed against you?

6                THE DEFENDANT:  Yes, ma'am.

7                THE COURT:  And what about the petition to enter a

8    plea and plea agreement that was filed today?  Are you able to

9    understand it?

10               THE DEFENDANT:  Yes, ma'am.

11               THE COURT:  All right.

12         Sir, have you ever been treated for mental illness?

13               THE DEFENDANT:  No, but I did ask to be.

14               THE COURT:  And when was that?

15               THE DEFENDANT:  Early on in the case.

16               THE COURT:  In this case?

17               THE DEFENDANT:  Just to get a mental evaluation

18   because I have never been, you know -- initially I was wanting

19   evaluation, just, but they never got around to it, I guess.

20               THE COURT:  I am asking you that question to see

21   whether you have any mental health issues that prevent you

22   from understanding what is happening today.

23               THE DEFENDANT:  Not that I know of, ma'am.

24               THE COURT:  Okay.  Have you ever been treated for

25   addiction to narcotic drugs?

1        THE DEFENDANT:  No.

2        THE COURT:  All right.  Right now are you under the

3   influence of any drug, medication, or alcoholic beverage or

4   any other substance that might interfere with your ability to

5   understand what is happening here today?

6        THE DEFENDANT:  No, ma'am.

7        THE COURT:  If at any time during today's

8   proceedings you have a question, you have two options.  You

9   can ask me to try to clarify, and I will; or if you prefer,

10  you can ask to speak privately with your attorneys, all right?

11       THE DEFENDANT:  Yes, ma'am.

12       THE COURT:  So when the superseding indictment was

13  filed back in October, did you have an opportunity to receive

14  a copy of that document?

15       THE DEFENDANT:  Yes, ma'am.

16       THE COURT:  And have you fully discussed the written

17  charges in that document and the case, in general, with Mr.

18  Cleary and Ms. Beitz as your counsel?

19       THE DEFENDANT:  Yes, ma'am.

20       THE COURT:  And are you satisfied with the counsel,

21  representation, and advice that Ms. Beitz and Mr. Cleary have

22  given you?

23       THE DEFENDANT:  Yes, ma'am.

24       THE COURT:  Ms. Beitz, were all formal plea offers

25  by the Government conveyed to Mr. Clark?

1      MS. BEITZ:  Yes, Your Honor.

2      THE COURT:  Mr. DeBrota, did Mr. Clark receive the

3  benefit of the most lenient offer the Government intended to

4  make in this case?

5      MR. DEBROTA:  I think that is what he has got in

6  front of him in that it encompasses all of the counts.

7      THE COURT:  All right, thank you.  So did you, Mr.

8  Clark, have an opportunity to read and discuss the plea

9  agreement with your lawyers before you signed it?

10     THE DEFENDANT:  Yes.  My counsel read it to me.

11     THE COURT:  Is it the complete agreement that you

12 made with the Government?

13     THE DEFENDANT:  Yes, ma'am.

14     THE COURT:  Apart from this written document, are

15 there any -- anyone made any promises or assurances that are

16 not in the plea agreement to persuade you to either plead

17 guilty or accept the agreement?

18     THE DEFENDANT:  No.

19     THE COURT:  Has anyone threatened you in any way to

20 persuade you to either plead guilty or forced you in any way

21 to plead guilty or sign the agreement?

22     THE DEFENDANT:  No, ma'am.

23     THE COURT:  We are going to go over the terms of the

24 agreement in just a minute.  Do you believe you understand it?

25     THE DEFENDANT:  Yes, ma'am.

1      THE COURT:  Are you pleading guilty today of your

2  own free will and because you are guilty?

3      THE DEFENDANT:  Yes, ma'am.

4      THE COURT:  All right.  Looking at the document,

5  then, Paragraph 1 says that you're petitioning the Court for

6  leave to enter a plea of guilty to all 27 of the offenses

7  charged in the superseding indictment; is that correct?

8      THE DEFENDANT:  Yes, ma'am.

9      THE COURT:  Paragraph A provides that Counts I and

10  II and XX and XXI charge you with committing the offense of

11  distribution and receipt of visual depictions of a minor

12  engaged in sexually explicit conduct.  Do you understand that

13  that is the charge contained in Counts I and II and Counts XX

14  and XXI?

15      THE DEFENDANT:  Yes, ma'am.

16      THE COURT:  Counts III through VI and Count XXVI

17  charge you with committing the offense of coercion or

18  enticement; do you understand?

19      THE DEFENDANT:  Yes, ma'am.

20      THE COURT:  Counts VII through XIX and XXVII charge

21  you with sexual exploitation of a child and attempted sexual

22  exploitation of a child; do you understand?

23      THE DEFENDANT:  Yes, ma'am.

24      THE COURT:  Counts XXII to XXV charge you with

25  possession of visual depictions of a minor engaged in sexually

1 explicit conduct; do you understand?

2         THE DEFENDANT:  Yes, ma'am.

3         THE COURT:  All right.  So in this case, previously

4 when Judge Lawrence had the case, he denied your motion to

5 suppress, and in Paragraph 2 of the plea agreement you have

6 preserved your right to appeal the Court's ruling on that

7 motion.

8         THE DEFENDANT:  Yes, ma'am.

9         THE COURT:  You understand that?

10    All right.  So your plea — you also reserve the right to

11 appeal any sentence you receive in this case.

12         THE DEFENDANT:  If I believe it is too harsh in

13 comparison to some of the other cases I have looked up in the

14 law library.

15         THE COURT:  Yes.  The important thing you know today

16 is you keep that right.

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  And you would not know this, but

19 probably 90 percent of the people who plead guilty give up

20 that right.  So we just want to make sure you understand you

21 have retained that right.

22         THE DEFENDANT:  Yes, ma'am.

23         THE COURT:  You understand?  Okay.

24    So if we had gone to trial on the charges to which you

25 are pleading guilty, the Government would have been required

1    to prove with respect to each of the different types of charge

2    that you are facing, they would have been required to prove

3    certain elements of each of the types of crime, and we are

4    going to go through them.  They are listed in Paragraph 3.

5    With respect to the charges contained in Counts I and II and

6    XX and XXI, distribution and receipt of visual depictions of a

7    minor engaged in sexually explicit conduct, the Government

8    would have been required to prove the following elements by

9    proof beyond a reasonable doubt:

10        First, that you knowingly distributed or received a

11   visual depiction using any means or facility of interstate or

12   foreign commerce or in or affecting interstate or foreign

13   commerce by any means, including by computer; and second, that

14   the production of such visual depiction involved the use of a

15   minor under the age of 18 years engaging in sexually explicit

16   conduct and that such visual depiction was of such minor

17   engaged in sexually explicit conduct and that you knew that at

18   least one of the persons in such visual depiction was a minor

19   under the age of 18 years and knew that the visual depiction

20   was of such minor engaged in sexually explicit conduct.

21        Do you understand that those are the elements of Counts I

22   and II and XX and XXI to which you are pleading guilty?

23              THE DEFENDANT:  Yes, ma'am.

24              THE COURT:  And do you understand that by pleading

25   guilty you are relieving the Government of the burden of

1  having to prove those elements because you are admitting that

2  they are true?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  All right.  With respect to Counts III

5  through VI and XXVI, the elements the Government would have

6  been required to prove beyond a reasonable doubt are that you

7  used a facility or means of interstate or foreign commerce to

8  knowingly persuade, induce, entice, or coerce a minor to

9  engage in sexual activity and did attempt to knowingly

10 persuade, induce, entice, and coerce a minor to engage in

11 sexual activity for which any person could be charged with a

12 criminal offense; and second, that if the sexual activity had

13 occurred, the Defendant would have committed the criminal

14 offense of sexual exploitation of a child in violation of 18

15 United States Code, Section 2251(a).  Do you understand those

16 are the elements of Counts III through VI and XXVI to which

17 you are pleading guilty?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  Do you understand that by pleading

20 guilty to such counts, you are relieving the Government of the

21 burden of having to prove those elements because you are

22 admitting that they are true?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  With respect to Counts VII through XIX

25 and XXVII, sexual exploitation of a child, the elements the

1   Government would have been required to prove by proof beyond a

2   reasonable doubt are:  That you did employ, use, entice,

3   persuade, induce, entice, and coerce a minor and did attempt

4   to do so; second, to engage in sexually explicit conduct as

5   such conduct is defined in 18 United States Code, Section

6   2256(2); third, for the purpose of producing any visual

7   depictions of such conduct; and fourth, while knowing or

8   having reason to know that such depictions would be

9   transported or transmitted using any means or facility of

10  interstate or foreign commerce or in or affecting interstate

11  or foreign commerce or mailed or such visual depictions were

12  produced or transmitted using materials that had been mailed,

13  shipped, or transported in or affecting interstate or foreign

14  commerce by any means, including a computer, or that such

15  visual depictions were actually transported or transmitted

16  using any means or facility of interstate or foreign commerce

17  or in or affecting interstate or foreign commerce or mailed.

18  Do you understand that those are the elements of Counts VII

19  through XIX and XXVII, sexual exploitation of a child, to

20  which you are pleading guilty?

21               THE DEFENDANT:  Yes, ma'am.

22               THE COURT:  Do you understand that by pleading

23  guilty to those counts, you are admitting that for each of

24  those counts those elements are true and thereby relieving the

25  Government of the burden of having to prove those elements?

1        THE DEFENDANT:  Yes, ma'am.

2        THE COURT:  With respect to Counts XXII through XXV,

3   possession of visual depictions of a minor engaged in sexually

4   explicit conduct, the elements the Government would have been

5   required to prove beyond a reasonable doubt if we had gone to

6   trial are:  That you knowingly possessed one or more matters

7   which contained any visual depiction of a minor engaged in

8   sexually explicit conduct and such visual depiction had been

9   mailed, shipped, or transported in interstate or foreign

10  commerce by any means, including by computer, or was produced

11  using materials which had been so mailed, shipped, or

12  transported; and third, that the production, the visual

13  depiction of the visual depiction involved the use of a minor

14  engaging in sexually explicit conduct and the visual depiction

15  was of such conduct; and fourth, that you knew that the visual

16  depiction involved the use of a minor engaging in sexually

17  explicit conduct; and fifth, that you –– the Government must

18  also prove that the visual depiction involved in the offense

19  involved a prepubescent minor or a minor who had not attained

20  12 years of age.

21      You understand those are the elements of Counts XXII

22  through XXV to which you are pleading guilty?

23        THE DEFENDANT:  Yes, ma'am.

24        THE COURT:  You understand that by pleading guilty

25  you are relieving the Government of the burden of having to

1    prove those elements because you are admitting that they are

2    true?

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  All right.  So I need to advise you of

5    the potential maximum penalties for each of the crimes to

6    which you are pleading guilty.  With respect to Counts I

7    through II and XX and XXI, they are each punishable by a

8    maximum sentence of 20 years of imprisonment, up to a $250,000

9    fine, and a lifetime period of supervised release following

10   any term of imprisonment.  I must also advise you that the

11   mandatory minimum sentence for those crimes is five years; do

12   you understand?

13             THE DEFENDANT:  Yes, ma'am.

14             THE COURT:  With respect to Counts III through VI

15   and XXVI, the maximum sentence is a sentence of lifetime

16   imprisonment, up to a $250,000 fine, and a lifetime period of

17   supervised release following any term of imprisonment.  For

18   those counts, III through VI and XXVI, the minimum sentence is

19   ten years; do you understand?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  All right.  With respect to Counts VII

22   through XIX and XXVII, they are each punishable by a maximum

23   sentence of up to 30 years of imprisonment, up to a $250,000

24   fine, up to a lifetime period of supervised release following

25   any term of imprisonment; do you understand?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  The mandatory minimum sentence for

3    Counts VII through XIX and XXVII is 15 years; do you

4    understand?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  With respect to Counts XXII through XXV,

7    they are each punishable by a maximum sentence of 20 years of

8    imprisonment, up to a $250,000 fine, and a lifetime period of

9    supervised release following any term of imprisonment; do you

10   understand?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  The minimum period of supervised release

13   for all of these offenses is five years following the term of

14   imprisonment; do you understand?

15         THE DEFENDANT:  Yes, ma'am.

16         THE COURT:  All right.

17      Now, this plea agreement calls for me to exercise my

18   discretion; that is, use my judgment in determining what is a

19   fair and appropriate sentence in your case; do you understand?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  As I exercise my discretion, I am

22   required to consider all of the factors that are listed in the

23   statute that is listed at the bottom of page 5, 18 United

24   States Code, Section 3553(a), which contains a list of

25   considerations that I have to take into account.  Have you

1    gone over that with your lawyer?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  All right.  One of the considerations

4    that is included in that statute are the sentencing

5    guidelines.  So we will have to determine a guideline

6    calculation.  I will have to do the guideline calculation.

7    Know that the guidelines are not mandatory or binding, they

8    are strictly advisory; do you understand that?

9              THE DEFENDANT:  Yes, ma'am.

10             THE COURT:  Restitution may be imposed, and for some

11   of these crimes I think it must be imposed; is that correct?

12             MR. DEBROTA:  That's correct, Your Honor.

13             THE COURT:  Okay.  And by pleading guilty to more

14   than one offense, the Court could order the sentences to be

15   served consecutively or one after the other; do you

16   understand?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  And the final determination of your

19   guideline calculation, which is comprised of — I have to

20   decide what the offense level is, and there will be a

21   calculation that involves all of these charges and then your

22   criminal history category.  That will result in an advisory

23   guideline range that will be made known to you; do you

24   understand?

25             THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  How that will happen, Mr. Clark, is the

2     probation officer, the next thing we will do after court today

3     is I will order a presentence report to be prepared about you.

4     It is an investigation about you and your background.  There

5     is some information about the crime, but it is really — half

6     of the report is about you and your background, your

7     education, your family, your employment history, your

8     financial situation, things like that, any mental health

9     issues, substance abuse issues, etc.

10         And one of the parts of the report that the probation

11    officer will prepare is a proposed guideline calculation; do

12    you understand that?

13         THE DEFENDANT:  Yes, ma'am.

14         THE COURT:  All right.  So what probation does is

15    they file sort of a preliminary version of the report, and

16    then your lawyers will have an opportunity to discuss it with

17    you.  And they will have an opportunity to file any objections

18    to that report that they think are appropriate; do you

19    understand?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Similarly the Government has the right

22    to file objections if it thinks something is objectionable; do

23    you understand?

24         THE DEFENDANT:  Yes, ma'am.

25         THE COURT:  All right.  So then, sometimes probation

1    rules on the objections, sometimes they leave it to me, and we

2    figure it out at sentencing; do you understand?

3                THE DEFENDANT:  Yes, ma'am.

4                THE COURT:  All right.

5        And then at sentencing both you and the Government will

6    make a recommendation or an argument about what sentence I

7    should impose; do you understand?

8                THE DEFENDANT:  Yes, ma'am.

9                THE COURT:  But I am not required to follow either

10   of your recommendations.  It is not a pick one or the other.

11   I have to use my judgment, as I said before, to decide what I

12   think is a fair sentence; do you understand?

13               THE DEFENDANT:  Yes, ma'am.

14               THE COURT:  So it might be that I impose a sentence

15   that is higher than what you expect, and if I do, you can't

16   withdraw your plea of guilty or from the plea agreement; do

17   you understand?

18               THE DEFENDANT:  Yes, ma'am.

19               THE COURT:  The flip side is also true.  The

20   Government can't withdraw from the plea agreement if I impose

21   a sentence that is lower than what the Government expects; do

22   you understand?

23               THE DEFENDANT:  Yes, ma'am.

24               THE COURT:  Both of you, though, would have the

25   right to object and appeal; do you understand?

1         THE DEFENDANT:  Yes, ma'am.

2         THE COURT:  All right.  So in the plea agreement in

3    Paragraph 8 the Government says and you have acknowledged that

4    the information was based on -- or that the plea agreement was

5    based on information known to the Government as of today's

6    date; do you understand?

7         THE DEFENDANT:  Yes, ma'am.

8         THE COURT:  The Government agrees it will not bring

9    any other federal charges against you based on information

10   that it knows as of today's date; do you understand?

11        THE DEFENDANT:  Yes, ma'am.

12        THE COURT:  The next sentence really doesn't apply

13   because we are going through the agreement the same day that

14   -- sometimes the plea agreements are filed months in advance

15   of when I do the plea hearing.  This is on the same date, but

16   if you look at Paragraph 9, then, you have acknowledged that

17   nothing protects you from prosecution for any offense that is

18   not specifically covered by this agreement, known to the

19   United States Attorney at this time, or that you might commit

20   in the future; do you understand?

21        THE DEFENDANT:  Yes, ma'am.

22        THE COURT:  Now, when you first came to court, and

23   probably twice when you came to court since there is a

24   superseding indictment, you were advised of certain rights

25   that you have in this criminal case, and many of these rights

1   you give up when you plead guilty so I want to go over them

2   with you to make sure you understand the rights that you are

3   giving up by pleading guilty.

4          First, you have the right to plead not guilty to any

5   offense charged against you and to maintain that plea, but

6   when you plead guilty you give up that right; do you

7   understand?

8                THE DEFENDANT:  Yes, ma'am.

9                THE COURT:  You would then have the right to a

10  public and speedy trial by jury, but when you plead guilty you

11  give up that right; do you understand?

12               THE DEFENDANT:  Yes, ma'am.

13               THE COURT:  At trial you would be presumed to be

14  innocent, and the Government would be required to prove your

15  guilt beyond a reasonable doubt.  But when you plead guilty

16  you give up those rights; do you understand?

17               THE DEFENDANT:  Yes, ma'am.

18               THE COURT:  You would have the right to the

19  assistance of counsel for your defense, appointed by the

20  court, if necessary, at trial and every other stage of the

21  proceeding.  But when you plead guilty you give up that right;

22  do you understand?

23               THE DEFENDANT:  Yes, ma'am.

24               THE COURT:  You would have the right to see and hear

25  all of the witnesses and have them cross-examined in your

1  defense, but when you plead guilty you give up that right; do

2  you understand?

3                 THE DEFENDANT:  Yes, ma'am.

4                 THE COURT:  You would have the right on your own

5  part to decline to testify at trial, but when you plead guilty

6  you give up that right; do you understand?

7                 THE DEFENDANT:  Yes, ma'am.

8                 THE COURT:  On the other hand if you wanted, you

9  would also have the right to voluntarily choose to testify in

10 your own defense.  But when you plead guilty you give up that

11 right; do you understand?

12                THE DEFENDANT:  Yes, ma'am.

13                THE COURT:  All right.  You would have no obligation

14 to present any evidence at trial, but if you wanted to you

15 would have the right to use the Court's subpoena power to

16 require witnesses to provide evidence in your defense.

17 However, when you plead guilty you give up that right; do you

18 understand?

19                THE DEFENDANT:  Yes, ma'am.

20                THE COURT:  If it were your decision not to testify

21 or put on any evidence, those decisions could not be used

22 against you, and I would instruct the jury that they could not

23 consider those decisions in any way in reaching their verdict;

24 do you understand?

25                THE DEFENDANT:  Yes, ma'am.

1        THE COURT:  Do you further understand that by

2  entering a plea of guilty, if the plea is accepted by the

3  Court, there will be no trial, and you will have waived or

4  given up your right to a trial, as well as the other rights

5  associated with the trial that I just described; do you

6  understand?

7        THE DEFENDANT:  Yes, ma'am.

8        THE COURT:  You and the Government — I am back to

9  Paragraph 11 of your plea agreement.  You have not agreed on a

10  specific sentence, but you have specifically acknowledged at

11  the top of page 8 that you cannot be sentenced to a term of

12  imprisonment of less than 180 months or 15 years because of

13  the mandatory minimums; do you understand?

14        THE DEFENDANT:  Yes, ma'am.

15        THE COURT:  And you have the right to present

16  evidence and argument concerning the length and conditions of

17  supervised release, but with respect to the length of

18  supervised release, you have acknowledged in Paragraph 12 that

19  you understand that it cannot be less than five years,

20  correct?

21        THE DEFENDANT:  Yes, ma'am.

22        THE COURT:  With respect to the conditions of

23  supervised release, you have agreed with the Government to the

24  conditions that are contained in what is called Addendum A to

25  your plea agreement, and it is at page 28 of the plea.

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  The conditions that are listed there are

3    sort of the rules that will operate or govern your conduct

4    while you are on supervised release; do you understand?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  Have you ever been on probation or

7    supervised release before?

8          THE DEFENDANT:  When I was 19, I was younger.  I was

9    on probation for a little while, but I haven't had a

10   conviction since 19 -- I am not familiar with it any more.

11         THE COURT:  Just so you know, these conditions are

12   the conditions that will govern your behavior.  We will talk

13   about them at sentencing.  These conditions that are contained

14   in Addendum A you have agreed to.  Generally speaking, the

15   probation officer will incorporate those conditions that you

16   and the Government have agreed to in the probation officer's

17   recommended conditions; do you understand?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  All right.  And do you also understand

20   that -- this will be after any term of imprisonment.  These

21   conditions will be the rules you have to live by, and if you

22   violate them, then you can face additional time in prison; do

23   you understand?

24         THE DEFENDANT:  Yes, ma'am.

25         THE COURT:  All right.  You have also agreed to a

1    contact restriction in Paragraph 14; that is, you have agreed

2    that you will have no direct or indirect communication with

3    Minor Victim 1, Minor Victim 2, Minor Victim 3, Minor Victim

4    4, and your biological children, as well as any person living

5    with these individuals, throughout your entire sentence,

6    including during any period of supervised release.  And this

7    prohibition includes direct, indirect, and third-party contact

8    and attempts at such contact.  Is this where it was cut off,

9    and was it meant to say "female biological children"?

10           MS. BEITZ:  That's correct, Your Honor, female

11   biological children.

12           THE COURT:  You agree, Mr. DeBrota?

13           MR. DEBROTA:  Yes.  Stated more simply, it does not

14   prohibit contact with his male biological children.

15           THE COURT:  Thank you.  So do you understand that

16   you have agreed to those conditions otherwise?

17           THE DEFENDANT:  Yes, ma'am.

18           THE COURT:  All right.

19           THE DEFENDANT:  Thank you.  For that agreement.

20           THE COURT:  Okay.  You have agreed in Paragraph 15

21   that you will pay a total of $2,700, which will be the

22   mandatory special assessment fee.  It is $100 per federal

23   felony; do you understand?

24           THE DEFENDANT:  Yes, ma'am.

25           THE COURT:  You and the Government can argue whether

1    I should impose a fine; do you understand?

2                THE DEFENDANT:  Yes, ma'am.

3                THE COURT:  The law requires me to impose — to

4    order you to pay restitution to the victims of your crimes,

5    and it is a mandatory order.  But there is no agreement as to

6    the amount of restitution other than you have agreed that you

7    will pay $3,000 to every identified victim in Counts XXII

8    through XXV; is that correct?

9                THE DEFENDANT:  Yes, ma'am.

10                THE COURT:  Are there more than one victim in Counts

11   XXII through XXV?

12                MR. DEBROTA:  Very likely, yes.  At a minimum the

13   victims that are enumerated one, two, and three, that would be

14   starting with three, and there are more.

15                THE COURT:  Three for each count?

16                MR. DEBROTA:  He possesses the stuff involving Minor

17   Victims 1, 2, 3, as well as, I believe, some other victims

18   that are not known to him that would be in the possession

19   counts.  So there could be quite a number of them.  We don't

20   have that number readily available, but he is agreeing to the

21   extent there are some, he would owe 3,000 to any that would

22   qualify under that.

23                THE COURT:  That is how I read this as well.  Do you

24   understand that, and are you agreeing to that?

25                THE DEFENDANT:  Is it just one, two, three?

1      THE COURT:  No.  It is anybody that can be

2  identified that is in Counts XXII through XXV and any other

3  victims that can be identified, correct?

4      MR. DEBROTA:  Right.

5      THE COURT:  Okay.

6      MR. DEBROTA:  He may not have met any of the other

7  ones, potentially.  But if he had their stuff, he would owe

8  them the money if they get identified at some point.

9      MS. BEITZ:  And if they requested --

10      MR. DEBROTA:  And if they requested restitution.

11      THE COURT:  Right.  So do you understand that?

12      THE DEFENDANT:  Yeah.  I, I, I didn't understand

13  that initially but okay.

14      THE COURT:  Okay.  So sometimes, Mr. Clark, there

15  are people who are depicted in videos that people possess or

16  that they distribute who are known to the court system because

17  they have been identified through either their own cases or

18  other ways, and then they get contacted by the victims

19  advocacy people with the U.S. Attorney's Office or other ways

20  and are asked whether they wish to seek restitution.

21      Sometimes they do, sometimes they don't, and when they

22  do, if they do in your case, you have agreed that you will pay

23  them $3,000; do you understand?  I just wanted to explain to

24  you practically speaking how that happened.

25      THE DEFENDANT:  Yes.  That is more clarification.

1    Yes.  I understand.

2           THE COURT:  Okay.  So in Paragraph 18, so we know

3    that you are going to have some financial portion of the

4    judgment against you, some of that restitution that will also

5    have the mandatory special assessment; do you understand?

6           THE DEFENDANT:  Yes, ma'am.

7           THE COURT:  And in Paragraph 18, you have agreed

8    that -- you understand that you have the obligation to pay

9    that as part of your sentence in this case; do you understand?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  So there are three ways that are

12   contemplated in the plea agreement.  First, while you are in

13   prison, you have agreed to participate in what the Bureau of

14   Prisons calls its Inmate Financial Responsibility Program.

15   And through that program, you would get a job.  You would be

16   paid a wage.  It is not a significant wage, and they would be

17   able to withhold a portion of your wages.  They don't get to

18   withhold all of them.  They withhold a portion of your wages

19   to go towards payment of any financial obligations that you

20   have; do you understand?

21          THE DEFENDANT:  Yes, ma'am.

22          THE COURT:  Also, as part of your conditions of

23   pretrial release, you will pay a portion of any earnings that

24   you have.  I didn't mean to say pretrial release.  On your

25   supervised release following any term of imprisonment, you

1    will be ordered to pay a percentage of any earnings you have.

2    I believe our standard order is 10 percent of your earnings

3    towards the payment of any amounts that you owe as part of

4    your judgment; do you understand?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  And then if you are not able to pay it

7    off by the time you are finished with supervised release, then

8    the Government can institute collection proceedings against

9    you; do you understand?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  You have agreed to provide financial

12   information to the Government so it can know what assets you

13   have or what you are earning; do you understand?

14             THE DEFENDANT:  Yes, ma'am.

15             THE COURT:  You have also agreed to give up any

16   right, title, or interest you have in certain property that

17   was involved in the criminal conduct to which you are pleading

18   guilty.  If you look at the last page of your plea agreement

19   on Paragraph Addendum B, page 32, there is a listing of items

20   that you are agreeing to forfeit to the Government; do you

21   understand?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  All right.  And so you're agreeing not

24   to challenge personally for yourself whatever the Government

25   seeks to do with this property, including destroying it; do

1    you understand?

2            THE DEFENDANT:  Yes, ma'am.

3            THE COURT:  You are agreeing not to file any

4    subsequent legal action to challenge it or to assert any

5    Constitutional claims; do you understand?

6            THE DEFENDANT:  Yes, ma'am.

7            THE COURT:  All right.  And you are agreeing to give

8    up any additional notice concerning the items that you are

9    forfeiting that are listed on page 32 of the plea agreement;

10   do you understand?

11           THE DEFENDANT:  Yes, ma'am.

12           THE COURT:  Do you have any questions about what

13   you're forfeiting?

14           THE DEFENDANT:  No, ma'am.

15           THE COURT:  Another thing I have to do at a plea

16   hearing is make sure that there is evidence to support the

17   charges to which you are pleading guilty.  Most of the time,

18   and your case is no different, we do that through a

19   stipulation or an agreement that certain facts are true.

20       In your case, Part 5 of the plea agreement contains what

21   we call a factual basis, and Paragraphs 22 through 56 contain

22   facts that, by your signature on the end of this plea

23   agreement, you have indicated to me that you agree that these

24   facts are true; do you understand that?

25           THE DEFENDANT:  Yes, ma'am.

1              THE COURT:  And are these facts true?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  The Court finds that the information

4      contained, then, in Paragraphs 23 through 56 are sufficient to

5      establish a factual basis for each essential element of each

6      crime charged, including venue.

7          Both you and the Government reserve the right to present

8      additional evidence at sentencing if they so choose; do you

9      understand — if you so choose; do you understand?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  All right.  In Paragraph 61 of your

12     agreement you have indicated that you understand that under

13     federal law you, you face a potential civil commitment as a

14     sexually dangerous person following the expiration of any term

15     of imprisonment, and that would be the subject of a separate

16     civil proceeding; do you understand?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  Neither your attorneys nor I can predict

19     with any certainty the effect of your conviction on such a

20     civil commitment determination or the likelihood that civil

21     commitment would be imposed; do you understand?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  Civil commitment can be imposed for an

24     indefinite period of time; do you understand?

25             THE DEFENDANT:  Yes, ma'am.

1      THE COURT:  Even though that is a potential

2 consequence of your plea, do you still wish to plead guilty?

3      THE DEFENDANT:  Yes, ma'am.

4      THE COURT:  In Paragraph 62 you have acknowledged

5 that you must register as a sex offender with the appropriate

6 authorities of any state in which you reside, are employed, or

7 attend school as required both by federal and state law; do

8 you understand?

9      THE DEFENDANT:  Yes, ma'am.

10      THE COURT:  That may impose restrictions on where

11 you can live or work and with whom you may associate; do you

12 understand?

13      THE DEFENDANT:  Yes, ma'am.

14      THE COURT:  Knowing that, do you still wish to plead

15 guilty?

16      THE DEFENDANT:  Yes, ma'am.

17      THE COURT:  All right.  The Government has agreed in

18 Paragraph 64 because you are pleading guilty and accepting

19 responsibility, you are entitled to a two-level reduction in

20 your guideline calculation, provided you continue to accept

21 responsibility through sentencing; do you understand?

22      THE DEFENDANT:  Yes, ma'am.

23      THE COURT:  And if you do that, the Government

24 agrees that it will make a motion for a third level of

25 reduction at the time of sentencing; do you understand?

1      THE DEFENDANT:  Yes, ma'am.

2      THE COURT:  All right.  So you have generally, in

3  Paragraph 66, agreed to give up your right to appeal your

4  convictions in this case other than as specified in Paragraph

5  2; do you understand?

6      THE DEFENDANT:  Yes, ma'am.

7      THE COURT:  In Paragraph 2, as we talked about,

8  preserves your right to challenge the Court's ruling on the

9  motion to suppress, as well as the sentence that the Court

10  might impose; do you understand?

11      THE DEFENDANT:  Yes, ma'am.

12      THE COURT:  We mentioned before the presentence

13  report, and you understand what that process will entail?

14      THE DEFENDANT:  Yes, ma'am.

15      THE COURT:  And when you are interviewed for that,

16  you have the right to have your attorney present; do you

17  understand?

18      THE DEFENDANT:  Yes, ma'am.

19      THE COURT:  All right.  Do you have any questions

20  about the plea agreement, the agreement itself?

21      THE DEFENDANT:  No, ma'am.

22      THE COURT:  Okay.  Do you understand that in the

23  federal criminal justice system, we do not have parole.  So if

24  you are sentenced to prison, you would not be released on

25  parole.

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Do you understand that the maximum good

3    time credit you can earn in the federal criminal justice

4    system is 15 percent of your sentence?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  You understand that the offense to which

7    you are pleading guilty is a felony, and if your plea is

8    accepted, you will be adjudged guilty of that offense.  That

9    adjudication may deprive you of valuable civil rights such as

10   the right to vote, the right to hold public office, the right

11   to serve on a jury, and the right to possess any kind of

12   firearm; do you understand?

13         THE DEFENDANT:  Yes, ma'am.

14         THE COURT:  Do you understand the possible

15   consequences of your plea and plea agreement that we have just

16   reviewed?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  What have you been told about the

19   maximum sentence in total that you could face in this case?

20         THE DEFENDANT:  I know my guidelines are 15 to life.

21   That is all I know.

22         THE COURT:  That wouldn't be your guideline, I don't

23   think.  That would be the sentence that you would face under

24   the crime that has the highest maximum sentence.  Has anyone

25   done a calculation for you?  I guess it is a life sentence so

1   that would be —— the maximum sentence you face in this case is

2   life; do you understand that?

3            THE DEFENDANT:  Yes, ma'am.

4            THE COURT:  All right.  Do you have any other

5   questions about your change of plea?

6            THE DEFENDANT:  Change of plea.  What do you mean?

7            THE COURT:  You are changing your plea from not

8   guilty to guilty.

9            THE DEFENDANT:  Okay.  Another change of this plea?

10  No.  No, ma'am.

11           THE COURT:  Do you believe you understand the

12  possible consequences of your plea and plea agreement that we

13  just discussed?

14           THE DEFENDANT:  Yes, ma'am.

15           THE COURT:  As to the charges contained in Counts I

16  through XXVII, Mr. Clark, how do you now plead, guilty or not

17  guilty?

18           THE DEFENDANT:  Guilty, ma'am.

19           THE COURT:  It is the finding of the Court in the

20  case of the United States versus Ricky Dean Clark that the

21  Defendant is fully competent and capable of entering an

22  informed plea, that he is aware of the nature of the charges

23  and the consequences of the plea, that his plea of guilty is a

24  knowing and voluntary plea supported by an independent basis

25  in fact containing each of the essential elements of the

34

1    offenses.

2         The plea is, therefore, accepted, and the Defendant is

3    now adjudged guilty of Counts I through XXVII.  The Court will

4    order a presentence report, and has that interview been set

5    up?  No, just because of — an interview will be set up with

6    probation and your attorney, and they will ask you for

7    information.  And then once we have gone through the process I

8    talked about before where you have had a chance to review the

9    presentence report with your lawyers and they have had a

10   chance to file any objections, we will set your case, finally,

11   for sentencing; do you understand?

12              THE DEFENDANT:  Yes, ma'am.

13              THE COURT:  You will have the opportunity.  You have

14   the right to make a statement at sentencing.  So that might be

15   something that you would want to think about.  You are not

16   required to, but it is your right to do that, and I want to

17   make sure you know that.

18              THE DEFENDANT:  Yes, ma'am.

19              THE COURT:  Also, any of the victims of this crime

20   have the right to be heard at sentencing; do you understand?

21              THE DEFENDANT:  Yes, ma'am.

22              THE COURT:  All right.  Is there anything else, Mr.

23   DeBrota?

24              MR. DEBROTA:  If I can just make a record as to one

25   thing.  The plea agreement in a few places has some language

1   where the Defendant and both his counsel and I initialed the

2   change that the Defendant wrote in the document.  Just so the

3   Court has the explanation for that.

4        Your can see it has all four sets of initials.  Mine is

5   the SDD.  Then we have Ms. Beitz and we have Mr. Cleary and we

6   have the Defendant's initials.  That is what that is.

7             THE COURT:  All right.  I assumed that is what it

8   was, but thanks for the clarification.  Is there anything else

9   for the Defendant?

10            MS. BEITZ:  No, Your Honor.  Thank you.

11            THE COURT:  All right.  Having accepted the

12   Defendant's plea, the Court will vacate the trial date in this

13   case.  Thank you.

14            MR. DEBROTA:  Thank you, Your Honor.

15            THE CLERK:  All rise.

16        (Concluded at 4:08 p.m.)

17                           – – –

18

19

20

21

22

23

24

25

1              CERTIFICATE OF COURT REPORTER

2

3        I, Jean A. Knepley, hereby certify that the

4    foregoing is a true and correct transcript from reported

5    proceedings in the above-entitled matter.

6

7

8    /S/ Jean A. Knepley                 October 4, 2018
     JEAN A. KNEPLEY, RDR/CRR/CRC/FCRR   Date
9    Official Court Reporter
     Southern District of Indiana
10   Indianapolis Division

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25